IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Troy James Park, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00504 |
| v. | : | Judge Graham |
| Columbus Veterans Hospital, | : | Magistrate Judge Abel |
| Defendant | : | |

## Initial Screening Report and Recommendation

Plaintiff Troy Park brings this civil rights action under 42 U.S.C. §1983.  Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See, McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  The Magistrate Judge finds that the complaint fails to allege subject matter jurisdiction and fails to state a claim for relief and, therefore, recommends dismissal of the complaint.

The complaint alleges that Troy Park had better medicine and doctors and fewer doctors appointments when he left the Columbus Veterans Hospital in 2007. Now he has more injuries, and his medicine is not strong enough.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The United States Supreme Court held in *Erickson v. Pardus,* 127 S.Ct. 2197 (June 4, 2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Moreover, *pro se* prisoner complaints must be liberally construed.  *Erickson v. Pardus*, above; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Analysis.  The complaint does not allege subject matter jurisdiction. The United States is immune from suit unless it specifically authorizes suit by statue. The complaint does not allege a statutory waiver of sovereign immunity. Federal courts do not have jurisdiction over a claim against the United States (including agencies of the Executive Branch) unless there is an express Congressional waiver of sovereign immunity. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981); *United States v. Testan*, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976); *Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 69 S. Ct. 1457, 93 L. Ed. 1628 (1949).  The courts

2

may not enlarge the waiver beyond the express statutory language. *Department of Energy v. Ohio*, 503 U.S. 607, 614-616, 112 S. Ct. 1627, 118 L. Ed. 2d 255 (1992).  Moreover, any waiver of sovereign immunity must be strictly construed in favor of the United States. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992).  *Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S. Ct. 2957, 92 L. Ed. 2d 250 (1986), *citing Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685-6, 103 S. Ct. 3274, 77 L. Ed. 2d 938 (1983).

Further, the complaint fails to give defendant fair notice of the claim. Rule 8(a), Fed. R. Civ. P.; *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).  Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," it is not true that notice pleading means that a complaint need plead no facts.  The form complaints appended to the Federal Rules of Civil Procedure all include basic facts, such as the date the actionable event(s) took place and a brief description of them.  *E.g.,* Forms 9-14 and 17.  Here the complaint does not allege the date(s) on which any actionable event took place.  Further, it does not plead any facts that would give defendant notice of the claims and the grounds on which they rest. It does not state what medical conditions Park has sought treatment for, the dates of treatment, the doctors who provided treatment, or explain why Park believes the treatment was not appropriate and the injury he suffered as a result of the failure to provide appropriate treatment.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be

DISMISSED because it fails to allege subject matter jurisdiction and fails to state a claim for relief. Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED.  The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel
United States Magistrate Judge

4